## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

MICHAEL MCGILL                                                                    PLAINTIFF

V.                                    3:13CV00181 JLH/JTR

MATT HALL, Jail Administrator,
Crittenden County Jail, et al.                                              DEFENDANTS

## <u>ORDER</u>

Plaintiff, Michael McGill, is confined in the Craighead County Detention
Facility. He has filed a *pro se*[1] § 1983 Complaint alleging that Defendants violated his
constitutional rights. *Doc. #1.*

---

[1] Plaintiff is notified of his responsibility to comply with Local Rule 5.5(c)(2),
which states: "It is the duty of any party not represented by counsel to promptly notify
the Clerk and the other parties to the proceedings of any change in his or her address,
to monitor the progress of the case, and to prosecute or defend the action diligently.
A party appearing for himself/herself shall sign his/her pleadings and state his/her
address, zip code, and telephone number. If any communication from the Court to a
*pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed
without prejudice. Any party proceeding *pro se* shall be expected to be familiar with
and follow the Federal Rules of Civil Procedure."

Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a
prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on
3 or more prior occasions, while incarcerated or detained in any facility, brought an
action or appeal in a court of the United States that was dismissed on the grounds that
it is frivolous, malicious, or fails to state a claim upon which relief may be granted,
unless the prisoner is under imminent danger of serious physical injury."

## I.  Filing Fee

The fee for filing a § 1983 action in federal court is $400.[2]   Plaintiff has not paid the filing fee or filed an Application to Proceed *In Forma Pauperis*.  If Plaintiff wishes to pursue this action, he must, within thirty days of the entry of this Order, either:  (1) pay the $400 filing fee in full; or (2) file a properly completed Application to Proceed *In Forma Pauperis,* along with a properly completed prison calculation sheet.

However, Plaintiff should be aware that, even if he is granted permission to proceed *in forma pauperis*, he still must pay the filing fee in full. 28 U.S.C. § 1915(b). The only difference is that, by being granted permission to proceed *in forma pauperis*, Plaintiff will be allowed to pay the filing fee in monthly installments taken from his institutional account, rather than all at once, at the time of filing his Complaint.  *Id.* **Further, if Plaintiff's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the filing fee will be collected and no portion of this filing fee will be**

---

[2] On May 1, 2013, a $50 administrative fee was added to the $350 filing fee. However, that $50 administrative fee is waived for plaintiffs who are granted permission to proceed *in forma pauperis*. Thus, if Plaintiff is granted *in forma pauperis* status, he will be obligated to pay $350, instead of $400.

**refunded to Plaintiff.**

## II.  Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

Plaintiff alleges that: (1) on June 17, 2013, Defendant Garr drove a transport vehicle in a reckless and dangerous manner causing Plaintiff to injure his right shoulder; and (2) Defendant Hall denied him adequate medical care for that injury. *Doc. #1.* The Court needs further information to complete § 1915A screening.

Therefore, Plaintiff has thirty days to file an Amended Complaint clarifying: (1) whether Defendants Hall and Garr are Craighead or Crittenden County Jail employees; (2) whether Plaintiff was a pretrial detainee or convicted prisoner at the time of *each* constitutional violation; (3) how Defendant Hall *personally* participated in the alleged denial of medical care; and (4) how the allegations and claims raised in

this lawsuit are different from those Plaintiff has raised in *McGill v. Boyd*, 3:13CV00190 DPM/BD.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.      The Clerk is directed to send Plaintiff an Application to Proceed *In Forma Pauperis,* along with a prison calculation sheet.

2.      Plaintiff must, **within thirty days of the entry of this Order**, either: (a) pay the $400 filing fee in full; or (b) file a properly completed Application to Proceed *In Forma Pauperis,* along with a properly completed prison calculation sheet.

3.      Plaintiff must, **within thirty days of the entry of this Order**, file an Amended Complaint containing the specified information.

4.      Plaintiff is reminded that if he fails to timely and properly comply with any portion of this Order, this case will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 4th day of September, 2013.

_____
UNITED STATES MAGISTRATE JUDGE